## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 10-43746 can13 |
| ALAN LEE SINN, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| ALAN LEE SINN, | ) | |
| Plaintiff | ) | |
| v. | ) | Adversary No. 14-4051 can |
| | ) | |
| BANK OF AMERICA HOME LOANS, | ) | |
| GREEN TREE SERVICING LLC, and | ) | |
| TRANSUNION, LLC, | ) | |
| Defendants | ) | |

### ANSWER OF GREEN TREE SERVICING LLC

Defendant, Green Tree Servicing LLC ("Green Tree"), by counsel, for its separate

Answer to the Complaint filed by Plaintiff states as follows:

1. Green Tree admits that it has contacted Plaintiff's attorney post-petition seeking

payments about delinquencies and the need to avoid foreclosure. Green Tree denies all other

averments of ¶ 1.

2. Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 2 and therefore denies them.

3. Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 3 and therefore denies them.

4. Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 4 and therefore denies them.

5. Green Tree realleges and incorporates herein all its preceding answers and

responses.

6.      Green Tree admits that Plaintiff is seeking relief as described in ¶ 6 but denies all other averments in said paragraph.

7.      Green Tree realleges and incorporates herein all its preceding answers and responses.

8.      Green Tree admits that in regard to the averments in the Complaint directed to Green Tree, this adversary proceeding arises in Chapter 13, and the Court has jurisdiction pursuant to 11 U.S.C. § 1334.  Green Tree lacks sufficient knowledge to determine the truth of the remaining averments in ¶ 8 and therefore denies them.

9.      Green Tree denies the averments of ¶ 9 directed to it.  Green Tree lacks sufficient knowledge to determine the truth of the remaining averments in ¶ 9 and therefore denies them.

10.     Green Tree admits ¶ 10.

11.     Green Tree denies the averments of ¶ 11 directed to it.  Green Tree lacks sufficient knowledge to determine the truth of the remaining averments in ¶ 11 and therefore denies them.

12.     Green Tree realleges and incorporates herein all its preceding answers and responses.

13.     Green Tree admits ¶ 13.

14.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 14 and therefore denies them.

15.     The term "applicable Federal statutes" is too vague for Green Tree reasonably to know what is being pleaded.  Therefore, Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 15 and denies them.

16.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 16 and therefore denies them.

17.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 17 and therefore denies them.

18.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 18 and therefore denies them.

19.     Green Tree denies that it is a corporation but admits the remaining averments

made in ¶ 19.

20.     Green Tree admits ¶ 20.

21.     Green Tree denies ¶ 21.

22.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 22 and therefore denies them.

23.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 23 and therefore denies them.

24.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 24 and therefore denies them.

25.     Green Tree realleges and incorporates herein all the preceding answers and

responses.

26.     Green Tree admits that two deeds of trust were recorded as pleaded in ¶ 26 and

copies are attached thereto.  Green Tree lacks sufficient knowledge to determine the truth of the

remaining averments of ¶ 26 and therefore denies them.

27.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 27 and therefore denies them.

28.     Green Tree admits that both plaintiffs are co-debtors on the loan that it now holds,

but it lacks sufficient knowledge to determine the truth of the remaining averments of ¶ 28 and

therefore denies them.

29.     Green Tree admits ¶ 29.

30.     Green Tree denies ¶ 30.

31.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 31 and therefore denies them.

32.     Green Tree admits that the Second Amended Plan filed on October 20, 2010 and

confirmed on November 12, 2010 made provision for certain payments on the secured claim now

held by Green Tree, but Green Tree lacks sufficient knowledge to determine the truth of the

remaining averments of ¶ 32 and therefore denies them.

33.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 33, and therefore denies them.

34.      Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 34, and therefore denies them.

35.     Green Tree admits ¶ 35.

36.     Green Tree admits ¶ 36.

37.     Green Tree admits ¶ 37.

38.     To the extent ¶ 38 refers to Claim No. 10, Green Tree admits it; if it refers to any

other claim, Green Tree lacks sufficient knowledge to determine the truth of ¶ 38 and denies it.

39.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 39, and therefore denies them.

40.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 40, and therefore denies them.

41.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 41, and therefore denies them.

42.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 42, and therefore denies them.

43.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 43, and therefore denies them.

44.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 44, and therefore denies them.

45.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 45, and therefore denies them.

46.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 46, and therefore denies them.

47.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 47, and therefore denies them.

48.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 48, and therefore denies them.

49.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 49, and therefore denies them.

50.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 50, and therefore denies them.

51.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 51, and therefore denies them.

52.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 52, and therefore denies them.

53.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 53, and therefore denies them.

54.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 54, and therefore denies them.

55.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 55, and therefore denies them.

56.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 56, and therefore denies them.

57.     Green Tree admits that a notice of delinquency that urged action by 6/27/2013 to avoid foreclosure was sent and a copy is attached as Exhibit 32, but it denies all other averments of ¶ 57.

58.     Green Tree admits ¶ 58.

59.     Green Tree admits that a letter dated October 22, 2013, was sent to the attorney for Plaintiff Alan Sinn, stating that his client was approved for a permanent modification, and admits that Exhibit 34 is a copy thereof, but Green Tree denies all other averments of ¶ 59.

60.     Green Tree lacks sufficient knowledge to determine the truth of the averments of ¶ 60, and therefore denies them.

61.     Green Tree admits that a call was placed to Debtor's attorney on February 26, 2014, but denies all other averments of ¶ 61.

62.     Green Tree admits that a call was placed to Debtor's attorney on March 17, 2014, but denies all other averments of ¶ 62.

63.     Green Tree denies ¶ 63.

64.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 64, and therefore denies them.

65.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 65, and therefore denies them.

66.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 66, and therefore denies them.

### FIRST CLAIM FOR RELIEF AGAINST GREEN TREE SERVICING LLC

67.     Green Tree realleges and incorporates herein all its preceding answers and

responses.

68.     Paragraph 68 is an abstract statement of law to which no response is required.

69.     Paragraph 69 is an abstract statement of law to which no response is required.

70.     Green Tree admits that certain payments on the two secured claims mentioned in

the Complaint were to be made by the Trustee but denies all other averments of ¶ 70.

71.     Green Tree admits ¶ 71.

72.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 72, and therefore denies them.

73.     Green Tree denies that it is servicer to Defendant Bank of America Home Loans,

admits that it has sent communications to Debtor's attorney stating that payments were

delinquent and describing foreclosure as an option, but Green Tree denies all other averments of

¶ 73.

74.     Green Tree denies ¶ 74.

75.     Green Tree lacks sufficient knowledge to determine the truth of the averments of

the first sentence of ¶ 75, and therefore denies them, and it denies all other averments of ¶ 75.

76.    Green Tree lacks sufficient knowledge to determine the truth of the averments of

¶ 76, and therefore denies them.

77.    Green Tree admits that Plaintiff's attorney is reserving certain rights but denies all

other averments of ¶ 77.

78.    Green Tree admits that Plaintiff is making certain requests but denies all other

averments of ¶ 78.

### SECOND CLAIM FOR RELIEF AGAINST BANK OF AMERICA HOME LOANS

79-92.  The Second Claim is directed to a party other than Green Tree, hence no response

is made thereto.  In the event that any averment therein is held to have been directed against

Green Tree, it is denied.

### THIRD CLAIM FOR RELIEF AGAINST BANK OF AMERICA HOME LOANS

93-107.  The Third Claim for Relief is directed to a party other than Green Tree, hence no

response is made thereto.  In the event that any averment therein is held to have been directed

against Green Tree, it is denied.

### FOURTH CLAIM FOR RELIEF AGAINST BANK OF AMERICA AND TRANSUNION

108-133.  The Fourth Claim for Relief is directed to parties other than Green Tree, hence

no response is made thereto.   In the event that any averment therein is held to have been

directed against Green Tree, it is denied.

<u>AFFIRMATIVE DEFENSES</u>

Green Tree, by counsel, interposes the following affirmative defenses to the Complaint:

79.     Plaintiff has failed to state a cause of action for violations of the automatic stays.

80.     Plaintiff has failed to state a basis for assessment of actual or punitive damages

against Green Tree.

WHEREFORE, having fully answered the Complaint as to the averments made against

Green Tree Servicing LLC, Green Tree prays that the Court award nothing thereon and allow

Green Tree to go hence with its costs.

Respectfully submitted,

/s/  James S. Cole
David G. Wasinger, Mo. # 35382
James S. Cole, Mo. # 26787
The Wasinger Law Group, P.C.
1401 S. Brentwood Blvd., Suite 875
St. Louis, MO   63144
(314) 961-0400; fax (314) 961-2726
jcole@wasingerlawgroup.com

Attorney for Green Tree Servicing LLC

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was sent by ECF notice
to those participating therein including Plaintiff's counsel on June 20, 2014.

/s/   James S. Cole

Joseph C. Jeppson, VI, Esq.
Jeppson Law Office, LLC
1125 Grand Blvd., Suite 1102
Kansas City, MO   64106